UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald Wayne Gay, #244300, | ) C/A No. 3:12-2752-CMC-JRM |
| Plaintiff, | ) |
| v. | ) **Report and Recommendation** |
| State of South Carolina, | ) |
| Defendant. | ) |

*Background of this Case*

Plaintiff is an inmate at the Lee Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Plaintiff is serving a life sentence for murder. His conviction was entered in the Court of General Sessions for Richland County on September 26, 1997, in Case No. 96-GS-40-10472.

Plaintiff submitted a *pro se* complaint pursuant to 42 U.S.C. § 1983, to which Plaintiff attached a cover caption page alleging an invalid warrant, an invalid search and seizure, an invalid arrest warrant, violation of Due Process, and slavery. Plaintiff reiterates claims from his prior cases that a ministerial recorder is a not a judicial officer in the State of South Carolina. Plaintiff seeks one million eight-hundred thousand dollars for each year that he has been in prison since January 4, 1996.

Appended to the Complaint is a photocopy of a Conditional Order of Dismissal entered in Plaintiff's most recent post-conviction case, *Donald W. Gay v. State of South Carolina*, Case No.

2012-CP-40-01540, on April 10, 2012, by the Honorable James R. Barber, III, South Carolina Circuit Judge (ECF No. 1-1). In the order, Judge Barber denied post-conviction relief because the case was not timely.

## *Standard of Review*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Even when considered under this less stringent standard, the Complaint is subject to summary dismissal. The requirement

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## *Discussion*

The State of South Carolina is immune from suit under the Eleventh Amendment, which divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Fed. Maritime Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743 (2002); *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808-809 (D.S.C. 1978); *Simmons v. South Carolina State Highway Dep't*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

Plaintiff again challenges the issuance of a search warrant in a criminal case in which he was later convicted and sentenced for murder. As a result, the above-captioned civil rights action is subject to summary dismissal because a right of action has not accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages

3

> bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. at 486–87 (footnote omitted).

In addition to Plaintiff's exhibit (ECF No. 1-1), Plaintiff's prior habeas corpus actions in this court indicate that his conviction has not been reversed, vacated, set aside, or otherwise called into question. In *Donald Gay v. Anthony Padula, Warden of Lee C. I.*, Civil Action No. 3:07-4006-CMC-JRM, Plaintiff on December 13, 2007,[2] brought a habeas corpus action to challenge his conviction and life sentence for murder. In an order filed in Civil Action No. 3:07-4006-CMC-JRM, on December 26, 2007, the undersigned directed the respondent to file an answer or return. The respondent filed a return, memorandum, and motion for summary judgment on February 15, 2008.

The undersigned on February 21, 2008, issued a *Roseboro* order to apprise Plaintiff (who was the "petitioner" in Civil Action No. 3:07-4006-CMC-JRM) of dispositive motion procedure. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). Plaintiff responded to the *Roseboro* order by filing a motion to withdraw the petition and a motion to alter/amend the petition. In a Report and Recommendation filed in Civil Action 3:07-4006-CMC-JRM on August 6, 2008, the

---

[2]A prior habeas corpus action, *Donald Gay v. State of South Carolina, et al.*, Civil Action No. 3:07-2623-CMC-JRM, was dismissed *without prejudice* because Plaintiff did not bring the case into "proper form."

4

undersigned recommended that the respondent's motion for summary judgment be granted and that Plaintiff's motion to alter/amend be denied.

The parties in Civil Action No. 3:07-4006-CMC-JRM were apprised of their right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. After receiving an extension of time, Plaintiff on September 8, 2008, filed timely written objections to the Report and Recommendation.

In an Order filed in Civil Action No. 3:07-4006-CMC-JRM on September 10, 2008, the Honorable Cameron McGowan Currie, United States District Judge, adopted the Report and Recommendation, denied Plaintiff's motion to alter/amend, granted summary judgment to the respondent, and dismissed the case *with prejudice*. No appeal was filed in Civil Action No. 3:07-4006-CMC-JRM.

This Court may take judicial notice of Civil Action No. 3:07-4006-CMC-JRM. *See, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). Hence, Plaintiff's conviction has not been reversed, set aside, vacated, or otherwise called into question.

Plaintiff's allegations relating to the issuance of a search warrant by a ministerial recorder for the City of Columbia show no constitutional violation. The Municipal Court for the City of Columbia is a court in the State of South Carolina's unified judicial system. *See* S.C. Const. art. V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 376 S.E.2d 271, 272 (S.C. 1989); *Spartanburg Cnty. Dep't of Soc. Servs. v. Padgett*, 370 S.E.2d 872, 875–76 & n. 1 (S.C. 1988); *Cort*

*Indus. Corp. v. Swirl, Inc.*, 213 S.E.2d 445, 446 (S.C. 1975). Municipal court judges are judges in the State of South Carolina's unified judicial system. *In the Matter of Wilder*, 335 S.C. 339, 516 S.E.2d 927 (1999) (imposing public reprimand upon former municipal court judge and precluding him from seeking "future appointment to any judicial office within the unified judicial system of South Carolina unless authorized by this Court").

In civil rights actions in which Fourth Amendment issues relate to a conviction, *Heck v. Humphrey* is applicable. *See Ballenger v. Owens*, 352 F.3d 842, 845–47 (4th Cir. 2003); *Singleton v. 10 Unidentified U.S. Marshals*, Civil Action No. 2:11-1811-TLW-JDA, 2011 WL 4970779, *2 n. 4 (D.S.C. Sept. 1, 2011) (collecting cases), *adopted*, 2011 WL 5005271 (D.S.C. Oct. 19, 2011). Hence, Plaintiff's challenges to the search warrant issued in connection with his criminal case are encompassed by the holding in *Heck v. Humphrey.*

Plaintiff's claims relating to the ministerial recorder have also already been addressed by this Court in a recent civil rights action. In a Report and Recommendation filed on August 28, 2012, in *Donald Wayne Gay v. City of Columbia Police Dept., et al.*, Civil Action No. 3:12-2260-CMC-JRM, the undersigned addressed Plaintiff's "ministerial recorder" claims and recommended that the case be dismissed *without prejudice* pursuant to the holding in *Heck v. Humphrey*. Petitioner filed timely written objections to the Report and Recommendation on September 6, 2012. On September 10, 2012, Judge Currie adopted the Report and Recommendation. *Gay v. City of Columbia Police Dept.*, Civil Action No. 3:12-2260-CMC-JRM, 2012 WL 3945319 (D.S.C. Sept. 10, 2012).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the Notice on the next page.

October 18, 2012  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).