IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Donald Wayne Gay,    #244300, ) | C/A NO. 3:12-2752-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| State of South Carolina, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation ("Report"). On October 18, 2012, the Magistrate Judge issued a Report recommending that the complaint be dismissed without prejudice and without issuance and service of process. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on October 26, 2012.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to Plaintiff's objections to the Report, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Plaintiff's objections are conclusory recitations of certain case and statutory law, and do not address the finding of the Report that Plaintiff's action is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).[1]

This matter is dismissed without prejudice and without issuance and service of process on Defendants.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 12, 2012

---

[1] Plaintiff's complaint is styled under 42 U.S.C. § 1983 and seeks monetary damages as an element of relief. However, he also seeks vacation of his state court sentence. *See* Compl. at 6 (ECF No. 1). A civil rights complaint under § 1983 is the appropriate vehicle to challenge conditions of confinement, but not the fact or duration of confinement. *Preiser v. Rodriquez*, 411 U.S. 475, 498-99 (1973). Because Plaintiff seeks to have his sentence vacated, Plaintiff's complaint could be construed as a petition for habeas relief under 28 U.S.C. § 2254. However, as noted in the Report, Plaintiff has already had a petition for relief under § 2254 heard and denied with prejudice. Accordingly, if this court were to construe this complaint as a petition for relief under § 2254, it would be dismissed without prejudice as a second or successive petition for relief, and the ultimate outcome of the current case would be the same: dismissal without prejudice.

2